

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

WAYNE E. NICKERSON, )
         Plaintiff, )
)
v. )     CV417-135
)
UNITED STATES INTERNAL REVENUE )
SERVICE, *et al.*, )
)
         Defendants. )

## **REPORT AND RECOMMENDATION**

Wayne E. Nickerson has filed this case against the United States Internal Revenue Service (IRS), and various individuals (apparently IRS employees) because he contends that the IRS owes him several thousand dollars and is harassing him. *See* doc. 1 at 4-5. The Court previously screened Nickerson's case and directed him to file an Amended Complaint "clarifying the theories he asserts and the facts supporting them." Doc. 3 at 7. He has filed an Amended Complaint, including three pages of virtually illegible allegations and nearly 100 pages of correspondence to and from the IRS, apparently in the hope that the Court will suss through it to churn up a viable claim on his behalf. *See*

doc. 4.

Nickerson's Amended Complaint again fails to state a claim upon which relief may be granted.[1] *See* 28 U.S.C. § 1915(e)(2)(B)(ii). From his exhibits, it appears that he filed taxes through Jay's Tax Service for tax years 2011 (receiving a $17 refund), 2012 (receiving a $21 refund), and 2013 (owing $296). Doc. 4 at 27. In April 2017, however, he was told he owed $149,815.42 in back taxes for tax years 2011, 2012, and 2013. *Id.* at 55. And in July 2017, he was notified that $550.16 would be seized from his Social Security benefits in repayment of his back taxes. *Id.* at 63.

As set forth in the Court's screening order:

> A citizen's ability to sue the IRS over a tax dispute is limited.[2] The only provision which appears to even possibly apply to Nickerson's allegations provides a taxpayer a civil cause of action if "any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence, disregards any provision [of the Internal Revenue Code], or any regulation promulgated under [it]." 26 U.S.C. § 7433(a). However, a plaintiff who seeks to recover under § 7433 must first exhaust available administrative remedies (that is, those provided by the IRS). *See* 26 U.S.C.

---

[1] The Court applies the familiar Fed. R. Civ. P. 12(b)(6) standard to evaluate plaintiff's claim under 28 U.S.C. § 1915(e)(2). *See Thompson v. Rundle*, 393 F. App'x 675, 678 (11th Cir. 2010) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)). Under that standard, the Court takes well-pleaded factual allegations as true and, given Thomas' *pro se* status, liberally construes his Complaint. *See id.* (citations omitted). "Dismissal for failure to state a claim is appropriate when the facts as pleaded do not state a claim for relief that is 'plausible on its face.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

2

§ 7433(d)(1). Even assuming the Court could divine some allegation that the IRS disregarded a law or regulation in Nickerson's Complaint, there is no allegation even suggesting that he has he has pursued, let alone exhausted, his available administrative remedies.

FN 2. The Eleventh Circuit has explained:

> Several statutes, and the doctrine of sovereign immunity, define the limited terms of the United States' narrow consent to be sued regarding federal tax issues. [*United States v. Sherwood*, 312 U.S. 584, 586 (1941)]. Taxpayers may sue employees of the IRS or the United States in district court when challenging certain *procedures of tax collection*. *See* 26 U.S.C. § 7433(a) (wrongful collection activities); 26 U.S.C. § 7432(a) (authorizing suit against the United States in district court where an employee of the IRS fails to release a lien on the property of the taxpayer); 28 U.S.C. § 2410 (taxpayer may challenge the procedural validity of a federal tax lien, but "*cannot . . . challenge the merits of the underlying assessment*" (emphasis added); *Stoecklin v. United States,* 943 F.2d 42, 43 (11th Cir. 1991). Otherwise, the Tax Court has jurisdiction over challenges to an IRS determination of income *tax liability*. *See* 26 U.S.C. §§ 6212(a), 6213(a), 7442; *Redeker-Barry v. United States*, 476 F.3d 1189, 1190 (11th Cir. 2007).

*Bufkin v. United States*, 522 F. App'x 530, 532 (11th Cir. 2013).

Doc. 3 at 2-3. Nickerson has not cured the deficiencies of his Complaint. Instead, he has underscored that this Court lacks jurisdiction to hear his case.

A back-taxes levy has been initiated against plaintiff, apparently in the course of a normal IRS tax review. Doc. 4. He does *not* allege that a rogue IRS employee has negligently, recklessly, or intentionally violated

3

an IRS regulation in so doing. *See id.* Even then, Nickerson has provided copies of a flurry of communications to and from IRS offices across the country, but not one demonstrating that he has properly sought -- let alone exhausted -- his administrative remedies through the IRS, *see* 26 U.S.C. § 7433(d)(1). *See* doc. 4.

Exhaustion requires litigants to give the IRS an opportunity to resolve the clam through its administrative process before filing suit in a federal district court. 26 U.S.C. § 7433(d)(1). There are formal content requirements to that process that a "please help me" or "the IRS actually owes *me* money" letter do not fully address. *See* 26 C.F.R. § 301.7433-1(e).[2] Nothing in his amended complaint shows that Nickerson has filed

---

[2] Procedures for an administrative claim -- (1) Manner. An administrative claim for the lesser of $1,000,000 ($100,000 in the case of negligence) or actual, direct economic damages as defined in paragraph (b) of this section shall be sent in writing to the Area Director, Attn: Compliance Technical Support Manager of the area in which the taxpayer currently resides.

(2) Form. The administrative claim shall include:

  (i) The name, current address, current home and work telephone numbers and any convenient times to be contacted, and taxpayer identification number of the taxpayer making the claim;

  (ii) The grounds, in reasonable detail, for the claim (include copies of any available substantiating documentation or correspondence with the Internal Revenue Service);

  (iii) A description of the injuries incurred by the taxpayer filing the claim (include copies of any available substantiating documentation or evidence);

  (iv) The dollar amount of the claim, including any damages that have not

a proper administrative claim with the IRS or that the IRS administratively denied his claim for damages under § 7433. *See* doc. 4. Absent exhaustion, this Court has no jurisdiction to provide Nickerson any form of relief. *See United States v. Dalm*, 494 U.S. 596, 601 (1990) (district courts are limited in their jurisdiction to hear tax refund claims); *Dorn v. United States*, 249 F. App'x 164, 166 (11th Cir. 2007) (administrative exhaustion is a fundamental jurisdictional prerequisite to obtaining relief under § 7433).

Moreover, his claims are untimely. An action against the IRS for a wrongful levy action must be brought within nine months of the commencement of the levy. *Compagnoni v. United States*, 173 F.3d 1369, 1370 n. 3 (11th Cir. 1999) (timeliness is a fundamental jurisdictional prerequisite to obtaining relief under § 7433); *see* 26 U.S.C. §§ 6532(c), 7426(i). Here, while it is unclear precisely when the levy actions for the

---

> yet been incurred but which are reasonably foreseeable (include copies of any available substantiating documentation or evidence); and
>
> (v) The signature of the taxpayer or duly authorized representative. For purposes of this paragraph, a duly authorized representative is any attorney, certified public accountant, enrolled actuary, or any other person permitted to represent the taxpayer before the Internal Revenue Service who is not disbarred or suspended from practice before the Internal Revenue Service and who has a written power of attorney executed by the taxpayer.

2011-2013 taxes were initiated, it is clear that levy actions for tax years 2011, 2012, and 2013 have been in progress since at least April 2016. *See* doc. 4 at 96 (2011 back taxes), 97 (2012 back taxes) & 98 (2013 back taxes). Nickerson didn't file his Complaint until July 2017 (doc. 1), more than a year after the *latest* possible date the levy had commenced. Because it is outside the statute of limitations in which suits may be brought against the IRS (and thus the United States), the Court does not have jurisdiction to hear Nickerson's case. *Campagnoni*, 173 F.3d at 1370 n. 3.

Plaintiff's Amended Complaint should therefore be **DISMISSED** without prejudice for lack of jurisdiction, for both untimeliness and failure to exhaust his administrative remedies.[3] This Report and

---

[3] Having already provided Nickerson the chance to remedy the deficiencies of his Complaint -- and his demonstrated inability to do so -- it is clear that further amendments will not save plaintiff's case. Doc. 3 at 4 (citing *Langlois v. Traveler's Ins. Co.*, 401 F. App'x 425, 426-27 (11th Cir. 2010) (*pro se* plaintiff afforded an opportunity to amend Complaint before dismissal) and *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) (same)).

Despite the lack of any apparent basis for viable amendment, Nickerson's opportunity to object to this Report and Recommendation within 14 days of service, see *infra*, affords him an opportunity to resuscitate his case. He may also submit a Second Amended Complaint during that period, if he believes it would cure the legal defects discussed above. *See Willis v. Darden*, 2012 WL 170163 at * 2 n. 3 (S.D. Ga. Jan. 19, 2012) (citing *Smith v. Stanley*, 2011 WL 1114503 at * 1 (W.D. Mich. Jan. 19, 2011)).

Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this  30th  day of August, 2017.

_/s/ G. R. Smith_
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA